IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STANLEY CHAIRS,

    Petitioner,

v.

STATE OF ILLINOIS, et al,

    Respondent.

Case No. 22-3090-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Stanley Chairs is currently incarcerated at Menard Correctional Center ("Menard"), serving a forty-year prison sentence for first degree murder (Doc. 1, pp. 1, 74). He brings this habeas corpus action pursuant to 28 U.S.C. §2254 (Doc. 1, pp. 1-16). Petitioner seeks an evidentiary hearing, suppression of his self-incriminating statement, and review and reversal of his conviction and sentence on four grounds (Doc. 1, pp. 6-15). These four grounds are now before the Court:

1. Chairs is being denied his 4th, 6th, and 14th Amendment rights under the United States Constitution after being illegally arrested at his home.

2. Chairs is being denied his 5th, 6th, and 14th Amendment rights under the Constitution after the Illinois Courts ruled that his self-incriminating statement made to police was made voluntarily and not induced by promises of leniency.

3. Chairs is being denied his 5th, 6th, and 14th Amendment rights under the Constitution after the Illinois Courts ruled that he failed to unambiguously invoke his right to counsel during police questioning.

4. Chairs is being denied his 5th, 6th, and 14th Amendment rights under the Constitution due to ineffective assistance of counsel at trial, where his counsel failed to raise all surrounding circumstances that overwhelmed his will, causing him to make a self-incriminating statement.

Prior to commencing this action, Petitioner claims that he has exhausted his state court remedies. He appealed his judgment of conviction directly to the Illinois Appellate Courts, on the bases that his confession was involuntary in that it was compelled by the officers' promise of leniency, that his videotaped confession should have been suppressed where the police officers refused to provide him with counsel after he invoked his constitutional right to have counsel present, and that his 40-year sentence of imprisonment was excessive (Doc. 1, pp. 45, 47, 51). The Illinois Appellate Court affirmed the decision of the trial court on all grounds (Doc. 1, p. 53). Chairs then petitioned for leave to appeal to the Supreme Court of Illinois, which was denied (Doc. 1 p. 2). Chairs finally petitioned for a Writ of Certiorari to the United States Supreme Court but was denied (Doc. 1, p. 2).

While in the direct appeal process, Petitioner filed for post-conviction relief in the court which he was convicted. He first petitioned on June 17, 2016, for a relief from judgment based on newly discovered evidence of police misconduct, which was dismissed without a hearing on August 2, 2016 (Doc. 1, p. 3).

Petitioner's second and third Petitions for Post-Conviction Relief were consolidated on appeal and fully appealed up to the Illinois Supreme Court (Doc. 1, p. 4).

Petitioner's second petition for relief was filed on January 12, 2017, 163 days after his previous petition was dismissed (Doc. 1, p. 3). In the petition, he alleged, *inter alia*, that the sentence given to him constituted an unconstitutional *de facto* life sentence, that the statement he gave to police was involuntary, and that officers made a warrantless entry into his home to arrest him (Doc. 1, pp. 3, 61). The first two challenges were supported by recent developments in the neurological study of maturity levels of juveniles (Doc. 1, p. 61). Based on the developments, Petitioner challenged, under the 5th and 14th Amendments to the Constitution, the validity of the statement he gave to the police as unvoluntary and unknowing because of his inexperience with the law, the circumstances surrounding his arrest and interrogation, and the neurological studies (Doc. 1, pp. 3, 61). He also alleged that his 40-year sentence for the murder violated the 14th Amendment to the Constitution because he was only 18 years old at the time of the murder (Doc. 1, p. 4). He argued that the sentence would be unconstitutional for a juvenile, and that he should be treated as one due to his immaturity at the time of the offense (Doc. 1, p. 61).[1] Finally, Petitioner alleged that the 4th Amendment to the Constitution was violated when the police entered his home without a warrant to make his arrest (Doc. 1, p. 3). The petition was dismissed in August 2018, and Petitioner timely appealed.

---

[1] However, in the order entered by the Illinois Appellate Court, the Court stated that Petitioner argued that the sentence violated the 8th Amendment to the Constitution (Doc. 1, p. 61).

Petitioner filed his third Petition for Post-Conviction Relief on March 3, 2019 (Doc. 1, p. 4). The petition sought successive post-conviction relief based on an alleged violation of the 6th amendment to the Constitution, based on ineffective assistance of counsel (Doc. 1, p. 4). This petition was dismissed in June of 2019, and Petitioner timely appealed (Doc. 1, p. 4).

The Illinois Appellate Court affirmed both trial court decisions on December 23, 2021 in his consolidated appeals (Doc. 1, p. 5). Petitioner's subsequent Motion for Rehearing was also later dismissed (Doc. 1, p. 4). The Illinois Supreme Court then denied review of the two petitions on May 25, 2022 (Doc. 1, p. 5).

The fourth and final Petition for Post-Conviction Relief was filed by Petitioner in September 2020, when he petitioned for relief of judgment based on the unconstitutionality of the court's ruling on his accountability under the Illinois Constitution's proportionate penalties clause (Doc. 1, p. 5). This petition was dismissed in December of the same year (Doc. 1, p. 5). Petitioner then filed a Motion to Reconsider a month later, and then appealed in February 2021 (Doc. 1, p. 5). The judgment was affirmed on appeal on June 21, 2022 (Doc. 1, p. 5).

Petitioner makes the instant Section 2254 petition based on violations under the 4th, 5th, 6th, and 14th Amendments to the US Constitution (Doc. 1, pp. 6-14). Petitioner seeks (1) an evidentiary hearing, (2) review of his claim on the merits, (3) reversal of his first-degree murder conviction, (4) a reversal on the merits of his claim, and (5) suppression of his self-incriminating statement that he gave to the police.

(Doc. 1, p. 15). The Petition was filed on December 27, 2022, 189 days after the conclusion of his final Petition for Post-Conviction Relief (Doc. 1, p. 1).

## DISCUSSION

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing §2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

As a preliminary matter, the Court must first determine whether the petition under review is timely. According to 28 U.S.C. §2244(d)(1), a petitioner must file a Petition for Writ of Habeas Corpus within one year of: (i) all direct criminal appeals in the state system concluding, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; *or* (ii) when, if certiorari was not sought, all direct criminal appeals in the state system concluding, followed by the expiration of the time [90 days] allotted for filing a Petition for Writ. *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). In other words, the statute of limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Chairs petitioned for a writ of *certiorari* with the United States Supreme Court on direct appeal, so the statute of limitations for the habeas action began to run on

the date in which the writ for Supreme Court review was denied, December 5, 2016. *See* Doc. 1, pp. 2. Chairs properly filed the first Petition for Post-Conviction Relief on June 17, 2016, prior to the statute of limitations beginning on the federal habeas process. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection" (emphasis added). Since Chairs properly filed the first petition on June 17, 2016, the limitation period was tolled. The tolling period temporarily ended when Petitioner's first Petition for Post-Conviction Relief was dismissed, until he filed his second petition 163 days later. The limitations period continued for 7 days, between the dismissal and subsequent appeal of Petitioner's second post-conviction relief petition. The limitations period was then tolled until review of Petitioner's final petition concluded after the Illinois Appellate Court affirmed the dismissal of his fourth Petition for Post-Conviction Relief on June 21, 2022. Petitioner filed the instant habeas action on December 27, 2022, 189 days later. In sum, the limitations period has elapsed 359 days. Therefore, the petition was filed within the one-year statute of limitations and is timely.

In looking at the issue of exhaustion, absent exceptional circumstances, a petitioner may not file a federal habeas petition until he has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerkel*, 526 U.S. 838, 839 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998). Generally, this includes raising every issue at the trial

court and then appealing any adverse decision to the Illinois Appellate Court and the Illinois Supreme Court. *See* 28 U.S.C. § 2254; *O'Sullivan*, 526 U.S. at 845; *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010). A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The Court must first, before proceeding with a review of a Petition for Writ of Habeas Corpus on its merits, make a dual inquiry:

    i.    Whether the petitioner has exhausted all available state remedies, and

    ii.    Whether the petitioner raised all of his claims during the course of the state proceedings.

If the answer to either of these inquiries is "no," the petition is barred for either failure to exhaust state remedies or a procedural default.

Based on his petition, Chairs appears to have properly exhausted his state court remedies on only certain claims in his grounds in the Petition for Writ of Habeas Corpus. Petitioner has properly raised the following claims: a 4th Amendment claim based on his alleged illegal arrest in Ground One, a 5th and 14th Amendment claim based on the admissibility of his self-incriminating statement in Ground Two, and a 6th Amendment claim based on ineffective assistance of counsel. Looking at these claims, the answer to the two inquiries appears to be "yes," and Chairs would not be barred from proceeding with his Section 2254 petition on those claims at threshold. Yet Chairs asks the Court for writ on four individual grounds, which include other various claims under the 4th, 5th, 6th, and 14th Amendments.

When presented with a "mixed" petition containing both exhausted and unexhausted claims, the Court, under *Rose v. Lundy*, has options. 455 U.S. 509 (1982). A district court presented with a "mixed" federal habeas petition filed pursuant to 28 U.S.C. § 2254 must be dismissed, leaving the prisoner with a choice to either return to state court to exhaust his claims or to amend and resubmit the habeas petition to present only the exhausted claims to the district court. *Id.* at 510; *see also Rhines v. Weber*, 544 U.S. 269, 278 (2005) (a district judge may allow the petitioner to dismiss the unexhausted claims). *Rhines*, 544 U.S. at 278.

Consistent with *Lundy* and *Rhines*, the mixed Petition shall be dismissed without prejudice, and Petitioner will have the opportunity to amend and resubmit the Petition with only the exhausted claims. In the alternative, Petitioner may choose to first exhaust his state court remedies for his unexhausted claims before further pursuing federal habeas relief.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1, pp. 1-16) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner is granted leave to file an amended petition in *this* case within twenty-eight (28) days **on or before March 21, 2023**. If he chooses to amend, Petitioner should focus only on his exhausted claims and omit all reference in the Amended Petition to any unexhausted grounds for relief. Failure to file an Amended Petition in this case that is consistent with this deadline,

or these instructions will result in the dismissal of the action for failure to comply with a court order and/or to prosecute his claims. *See* FED. R. CIV. P. 41(b).

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice will result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 21, 2023**

> *s/ Stephen P. McGlynn*
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**