IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY CHAIRS,<br><br>      Petitioner,<br><br>v.<br><br>ANTHONY WILLS, Warden,<br><br>      Respondent. | Case No. 22-CV-3090-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Following a jury trial in St. Clair County, Illinois, Petitioner Stanley Chairs was convicted of first-degree murder. (Doc. 6, p. 1). He was sentenced to a term of imprisonment for forty years. (*Id.*). He is currently in the custody of the Illinois Department of Corrections at the Menard Correctional Center.

He brings this Petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 6). Title 28 U.S.C. § 2254(a) grants jurisdiction to the federal courts to entertain a petition for a writ of habeas corpus on behalf of an individual who is in custody pursuant to a judgment of a state court on the grounds that the individual is in custody in violation of the Constitution or laws or treaties of the United States. Chairs seeks an evidentiary hearing and reversal of his conviction and sentence on three grounds. (*Id.* at 13-14). The following Claims are currently before this Court:

1.  The Illinois State Courts erred in ruling that the legality of Chairs' arrest under the Fourth Amendment was waived. (Doc. 6, pp. 6-8).

2.  The Illinois State Courts erred in ruling that Chairs' statement was made voluntarily and not induced by promises of leniency. (Doc. 6, pp. 9-11).

3.  Chairs' trial counsel was constitutionally ineffective in failing to raise all surrounding circumstances that overwhelmed his will, leading to Chairs making a self-incriminating statement. (Doc. 6, pp. 11-13).

**RELEVANT FACTS AND PROCEDURAL HISTORY**

In July 2011, the State of Illinois charged Chairs with one count of first-degree murder. *People v. Chairs*, 2022 IL App (5th) 210038-U, ¶ 5.[1] Prior to trial, Chairs filed a motion to suppress statements he made to the police after his arrest. *People v. Chairs*, 2015 IL App (5th) 130415-U, ¶ 2. The trial court denied Chairs' motion, finding that the police did not exert undue influence during the course of the interrogation. Specifically, the trial court found that the officers stating that only the State's Attorney could make promises regarding sentencing saved the statement from being suppressed.

On April 9, 2013, Chairs was found guilty. (Doc. 6, p. 1). On May 30, 2013, he was sentenced to a term of imprisonment for forty years, with a fifteen-year enhancement for the use of a firearm. (*Id.*).

A.  **Direct Appeal**

Chairs appealed his conviction on the grounds that the trial court erred in denying his motion to suppress his statement to the police and that his sentence excessive. (Doc. 15-2, p. 5). The appellate court held that the officers who interrogated Chairs did not make promises of leniency that would render his statement involuntary. *People v. Chairs*, 2015 IL App (5th) 130415-U, ¶ 19. The court further

---

[1] The facts underlying petitioner's conviction as determined by the state courts are presumed correct absent clear and convincing evidence to the contrary, which Chairs has not done here. 28 U.S.C. § 2254(e)(1).

held that Chairs did not make an unambiguous request for an attorney after being read his *Miranda* rights so no constitutional violation resulted from his being questioned. *Id.* at 26. Lastly, Chairs' forty-year sentence was affirmed after finding that the trial court did not abuse its discretion when sentencing Chairs. *Id.* at 30. On May 25, 2016, the Illinois Supreme Court denied Chair's Petition for Leave to Appeal. *People v. Chairs*, 400 Ill.Dec. 654 (2016). On December 5, 2016, the Supreme Court of the United States denied Chairs' Petition for a Writ of Certiorari. *Chairs v. Illinois*, 580 U.S. 1023 (2016).

B.     **Petitions for Postconviction Relief**

On January 12, 2017, Chairs filed a *pro se* petition for post-conviction relief. *People v. Chairs*, 2021 IL App (5th) 180429-U, ¶ 24. Counsel was appointed and two amended petitions were filed. *Id.* at ¶ 25-26. In the operative postconviction petition Chairs argued that:

1. His Fourth Amendment rights were violated when police entered his home without consent or a warrant to arrest him.

2. His statement to the police was not voluntary because he was given promises of leniency if he made a statement.

3. His forty-year prison sentence was excessive as he had turned eighteen one month prior to the shooting.

*Id.* at ¶ 26. The State filed a motion to dismiss the petition, alleging that the claims were either waived, barred by *res judicata*, or lacked support such as an affidavit. *Id.* at ¶ 25. The trial court granted the State's motion to dismiss, finding that Claim 1

was both waived and not supported by an affidavit and Claims 2-4 were barred by *res judicata*. *Id.* at ¶ 28. The trial court denied Chairs' motion to reconsider its ruling. *Id.* at ¶ 29.

Chairs appealed the dismissal of his petition to the Illinois Appellate Court. While the dismissal of his first postconviction petition was on direct appeal, Chairs filed a motion for leave to file a successive petition for postconviction relief. *People v. Chairs*, 2022 IL App (5th) 210038-U, ¶ 11. The successive petition raised the sole claim that Chairs' statement should have been suppressed because it was made after he invoked his constitutional right to have counsel present during questioning. (Doc. 6, p. 2). The trial court denied Chairs' motion because it failed to meet the cause-and-prejudice standard. *People v. Chairs*, 2022 IL App (5th) 210038-U, ¶ 11.

The court of appeals held that postconviction counsel acted reasonably while representing Chairs and Chairs had not rebutted the presumption of reasonableness. *People v. Chairs*, 2021 IL App (5th) 180429-U, ¶ 49. The court affirmed the dismissal of Chairs' postconviction petition *Id.* The Illinois Supreme Court denied leave to appeal the ruling. *People v. Chairs*, 456 Ill.Dec. 49 (2022).

C.  **Petition for Relief from Judgment**

On September 30, 2020, Chairs filed a *pro se* petition for relief from judgment pursuant to 735 ILCS 5/2-1401. *People v. Chairs*, 2022 IL App (5th) 210038-U, ¶ 14. Chairs argued that his sentence violated the Illinois Constitution because the accomplice liability theory under which he was convicted had identical elements to conspiracy but a harsher penalty. *Id.* The petition further alleged that the statute of

limitations did not apply because Chairs was arguing that the judgment against him was void. *Id*. The State filed a motion to dismiss the petition for deficient service of process, untimeliness, for presenting legal, not factual, issues, and because all of the facts raised in the petition were known by Chairs at the time of trial. *Id*. at ¶ 15. On December 18, 2020, the trial court dismissed Chairs' petition, finding that there were no meritorious arguments that could excuse the late filing. *Id*. at ¶ 17. The trial court denied Chairs' *pro se* motion to reconsider its ruling. *Id*. at ¶ 18.

The court of appeals affirmed the dismissal of Chairs' petition. First, it held that Illinois no longer recognized a void sentence as a basis to excuse the statute of limitations. *People v. Chairs*, 2022 IL App (5th) 210038-U, ¶ 22. Further, Chairs raised an as applied as opposed to a facial challenge to the constitutionality of the statute used to convict him, meaning his judgment could not have been void *ab initio*. *Id*. The court also held that Chairs waived his accountability claims by not objecting to its use during trial or in a posttrial motion. *Id*. at ¶ 23. Lastly, it was noted that "[a]ccountability is not in and of itself a crime" but is a "mechanism through which a criminal conviction may be reached." *Id*. at ¶ 24. Chairs did not petition the Illinois Supreme Court for leave to appeal the ruling. (Doc. 6, p. 5).

D.  **Federal Habeas Proceedings**

On December 27, 2022, Chairs filed the instant Petition for a Writ of Habeas Corpus. (Doc. 1). On February 21, 2023, the Court dismissed the Petition without prejudice because it contained both exhausted and unexhausted claims for relief. (Doc. 3). Chairs filed an amended Petition (Doc. 4) on March 3, 2023, which was

similarly dismissed without prejudice to remove the unexhausted claims. (Doc. 5). Chairs filed a second amended Petition on April 5, 2023. (Doc. 6). Anthony Wills, the Warden at Menard Correctional Center, filed a response to the second amended Petition.[2] (Doc. 14).

## LEGAL STANDARD

This Petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Habeas is *not* merely another round of appellate review. 28 U.S.C. § 2254(d) restricts habeas relief to cases where the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases." *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012) (citing *Williams v. Taylor*, 529 U.S. 362, 405

---

[2] Chairs named the State of Illinois as a respondent in his second amended Petition, but the proper respondent in a § 2554 action is solely the warden of the facility in which the petitioner is incarcerated. *See* Rule 2(a) of the FEDERAL RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

(2000)). A state court decision is an "unreasonable application of" clearly established federal law if the state court "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Coleman*, 690 F.3d at 814 (quoting *Williams*, 529 U.S. at 407).

Federal habeas review serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). The Supreme Court has repeatedly emphasized that the Section 2254(d) standard "is intentionally 'difficult to meet.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014), and *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013)).

In addition to the requirement for timely filing under the AEDPA, a habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *See Bolton v. Akpore*, 730 F.3d 685, 694-696 (7th Cir. 2013). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c). Under the Illinois two-tiered appeals process, petitioners such as Chairs must fully

present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *See Id.*

If a petitioner has pursued his state-court remedies to exhaustion, the claims may nevertheless be barred by procedural default. *See Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004). "[W]hen the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Id.* A fairly presented claim "must place before the state court both the controlling law and the operative facts in a manner such that the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to re-solve the issue on that basis." *Hicks v. Hepp*, 871 F.3d 513, 530 (7th Cir. 2017) (internal quotation marks omitted). A petitioner may be excused from procedural default only "if the petitioner can show both cause for and prejudice from the default or can demonstrate that the district court's failure to consider the claim would result in a fundamental miscarriage of justice." *Bolton*, 730 F.3d at 696.

## ANALYSIS

### 1. Claim 1 is Procedurally Defaulted due to Chairs' Failure to Properly Raise it before the State Courts.

Claim 1 alleges that the Illinois Appellate Court erred in holding that Chairs waived the ability to challenge the legality of his arrest under the Fourth Amendment. The Court is unable to consider this Claim on the merits because it is

procedurally defaulted.

Federal courts "may not review federal claims that were procedurally defaulted in state court – that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davilla v. Davis*, 582 U.S. 521, 528 (2017); 28 U.S.C. § 2254(b)(1)(A). The Illinois Appellate Court held that this Claim was waived because it was not raised prior to trial or on direct appeal. *People v. Chairs*, 2021 IL App (5th) 180429-U, ¶ 46. Chairs cannot rely on ineffective assistance of counsel to excuse procedural default because he failed to present any facts before the state court which would support a claim of ineffective assistance of counsel. *See Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (holding that ineffective assistance of counsel can only excuse default if it itself had been fairly presented before the state courts); *see also* (Doc. 6, pp. 2-6) (showing absence of ineffective assistance of counsel claims before state courts).

Even if this Claim was not procedurally defaulted, the Court could not reach this Claim on the merits because an illegal arrest, by itself, is not a valid basis for a federal court to grant habeas relief. *See United States v. Crews*, 445 U.S. 463, 474 (1980); *See also Sanders v. Israel*, 717 F.2d 422, 423 (7th Cir. 1983).

**2. Claim 2 is Denied on the Merits because the Decision of the Illinois Appellate Court was not Contrary to or an Unreasonable Application of Clearly Established Federal Law.**

Claim 2 argues that Chairs' statement to the police was involuntary because he was promised leniency by the police. There was no bright-line rule from the Supreme Court regarding when false promises make a confession involuntary while

the case was on direct appeal.³ *See Dassey v. Dittmann*, 877 F.3d 297, 304 (7th Cir. 2017). Supreme Court precedent allows the police to encourage suspects to cooperate during questioning. *See Fare v. Michael C.*, 442 U.S. 707, 727 (1979). Further, the factual record from the state courts shows that the officers clearly qualified their statements by warning that only the State's Attorney could give promises about sentencing. *See People v. Chairs*, IL App (5th) 130415-U, ¶ 6. As there is no precedent on whether the statements made by the police rendered the statement involuntary, the decision of the Illinois Appellate Court cannot be said to be contrary to clearly established federal law.

### 3. Claim 3 is Procedurally Defaulted due to Chairs' Failure to Raise it through One Complete Round of State Court Review.

Claim 3 alleges that trial counsel was constitutionally ineffective in failing to raise all the surrounding circumstances that lead Chairs to make a self-incriminating statement to the police. The Court cannot decide this Claim on the merits because it is procedurally defaulted.

For a claim to be decided on the merits it must first be raised through one complete round of state court review. *See Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009). Chairs admits that this Claim was not presented in state court but alleges that it is not defaulted due to postconviction counsel's refusal to raise it. (Doc. 6, p. 13). This is not sufficient cause to excuse default. Ineffective assistance of state

---

³ "Clearly established federal law" refers to the holdings of the Supreme Court at the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Here, the time of the decision of the Illinois Appellate Court on direct appeal is reference point for determining clearly established federal law.

postconviction counsel can only excuse procedural default if the petitioner provides "specific, nonconclusory factual allegations explaining why his postconviction counsel was ineffective." *Garcia v. Cromwell*, 28 F.4th 764, 773 (7th Cir. 2022). Chairs has not done this, only stating that postconviction counsel's refusal to include the claim is the reason why it was not presented. (Doc. 6, p. 13).

Even had it not been procedurally defaulted, this Claim is without merit. The issues Chairs alleges trial counsel should have raised, his age and inexperience with the legal system, were reviewed by the Illinois Appellate Court and found to not change the result of the hearing. *People v. Chairs*, 2015 IL App (5th) 130415-U, ¶ 19. Based on this, Chairs has not shown that there is a reasonable probability that the result would have been different had trial counsel raised these factors in the trial court. Chairs has therefore failed to establish that his defense was prejudiced and this claim is without merit. *See Strickland v. Washington*, 466 U.S. 668, 698 (1984).

## CONCLUSION

For the reasons set forth above, Petitioner Stanley Chairs' Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 6) is **DENIED** in its entirety. This action is **DISMISSED** with prejudice. All pending motions are **DENIED as MOOT.** The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse

to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Here, no reasonable jurist would find it debatable whether this Court's rulings were correct. Accordingly, the Court denies a certificate of appealability.

Chairs may reapply for a certificate of appealability to the United States Court of Appeals for the Seventh Circuit. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).

**IT IS SO ORDERED.**

**DATED:  May 3, 2024**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
